IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN E. PASS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:15-cv-2089
CRIM. NO. 2:08-cr-0073(1)
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

On April 10, 2015, Shawn E. Pass, a defendant previously convicted in this case of conspiracy to distribute controlled substances, fraud, and money laundering, filed a document entitled "Petition to dismiss for lack of Personam-Jurisdiction, lack of Subject-Matter Jurisdiction and Lack of Standing." In that document, he argues that he is a "state citizen" rather than a citizen of the United States, that the United States government lacked the authority to prosecute him, and that this Court had neither in personam nor subject matter jurisdiction to convict and sentence him. As relief, he requests that all of the records of this case be "impeached, to be null and void, ab initio, with prejudice for lack of Personam-Jurisdiction, lack of Subject-Matter Jurisdiction and Lack of Standing."

In an order filed on April 16, 2015, this Court, pursuant to *Castro v. United States*, 540 U.S. 375, 382 (2003), explained to Petitioner that it intended to recharacterize his petition as a motion to vacate under 28 U.S.C. §2255, and gave him 30 days to object or to withdraw his petition. He did neither. Consequently, the Court ordered the petition to be docketed as a motion to vacate and directed that the case be assigned to a United

States Magistrate Judge.  *See* Doc. 162.  The case is now before the Court for an initial screening under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires the court to dismiss a §2255 motion without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief...."  For the following reasons, the Court recommends that Petitioner's motion be dismissed under that Rule.

The relevant background of this case can be stated simply.  Petitioner was indicted by the grand jury on April 14, 2008 on 14 counts of criminal activity.  On February 6, 2009, he pleaded guilty to Counts 1, 15, and 17 of the indictment.  A sentencing hearing was held on June 29, 2009, and Petitioner was sentenced to 180 months of imprisonment to be served concurrently on each count, to be followed by five years of supervised release.  *See* Doc. 128.  The remaining counts against him were dismissed.

Petitioner appealed, raising two issues related to the Court's imposition of a two-level enhancement to his base offense level under U.S.S.G. §3B1.1(c), which deals with defendants having a supervisory role in the offense.  The Court of Appeals for the Sixth Circuit rejected his claims and affirmed the sentence.  *United States v. Pass*, 413 Fed. Appx. 832 (Feb. 8, 2011).  The current motion to vacate was filed over four years later.

28 U.S.C. §2255 contains a statute of limitations.  It reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, petitioner's conviction became final on May 9, 2011, when the ninety-day time period expired to file a petition for a writ of certiorari to the United States Supreme Court. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). The statute of limitations expired one year later, on May 9, 2012.  There is nothing in the record indicating that any of the provisions of §2255(f)(2)-(4) are present in this case, so the statute of limitations creates a clear bar to the motion.

It could be argued, however, that because Petitioner has raised jurisdictional arguments, the statute of limitations cannot be used as a basis for denying him relief. But as the court in *Davis v. United States*, 2015 WL 1467071, *8 (W.D. Tenn. March 30, 2015) noted, citing to, among other decisions, *United States v. Scruggs*, 691 F.3d 660, 666–67 (5th Cir. 2012) and *Barreto–Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008), "[m]ost of the courts that have addressed the issue have held that jurisdictional challenges are subject to the same limitation for filing § 2255 motions."  Even if that

were not so, the particular jurisdictional challenges raised by Petitioner are frivolous. Arguments that a person is a "sovereign citizen" and not subject to the laws of the United States - which is essentially what Petitioner argues here - have uniformly been rejected by the courts as lacking any foundation in law.  *See, e.g., United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994)(such an argument "is completely without merit and patently frivolous"); see also *United States v. Allen*, 2009 WL 5218069 (S.D. Ohio Dec. 31, 2009), *adopted and affirmed* 2010 WL 2362575 (S.D. Ohio June 10, 2010).  There is no need to reach that issue, however, in light of the fact that the motion is time-barred.

## RECOMMENDED DISPOSITION

For these reasons, it is recommended that the Motion to Vacate (Doc. 159) be **DISMISSED** as time-barred.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge